UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,          No. 1:16-CR-35

 vs.              Hon. Robert Holmes Bell
                 United States District Judge

HANDSOME PETER PARKER,

    Defendant.
_____/

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR DOWNWARD VARIANCE

  The United States of America, by and through its attorneys, Patrick A. Miles, Jr., United States Attorney for the Western District of Michigan, and Joel S. Fauson, Assistant United States Attorney, opposes the Defendant's motion for a downward variance incorporated within the Defendant's sentencing memorandum (R.29: Def.'s Sent. Mem. and Mot. for Variance, PageID.116.)  Parker is a recidivist, a gang member, and his career offender status is merited by his criminal history and the instant offense.

### I.  LEGAL STANDARD

  Although there is no presumption that a guidelines sentence is the correct sentence, the guidelines range for a defendant deserves serious consideration because "the Sentencing Commission sets and adjusts the guidelines range with the specific objective of achieving proportionality in sentencing for crimes of differing severity."  *Rita v. United States*, 127 S.Ct. 2456, 2464 (2007).  Indeed, the Sentencing Guidelines are the only factor in §3553(a) that provides any objective sentencing range that can practicably promote the overall goal of minimizing unwarranted sentencing disparities.  "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  *Gall v. United*

*States*, 552 U.S. 38, 49 (2007). "To sentence a defendant outside of the guideline range, the district court must determine that the case falls outside of the heartland of cases in the guideline range." *United States v. Bostic*, 371 F.3d 865, 874 (6th Cir. 2004) (citing *Koon v. United States*, 518 U.S. 81, 98 (1996)). It is the defendant's burden to prove that a downward departure or variance is warranted. *Id.* In determining whether a variance is warranted, the district court must conduct "a refined assessment of the many facts bearing on the outcome, informed by the district court's vantage point and day-to-day experience in criminal sentencing." *Id.* The district court must also determine the size of the departure by tying it to the sentencing guidelines. Furthermore, the departure must be reasonable given the facts sentencing courts are required to consider and the facts of the case. *Id.*

## II.    ARGUMENT

As the Court considers Parker's motion for a downward variance, one aspect of Parker's background the Government submits the Court should consider is his association with the "Get Money Boys – Paid Nigga" (GMB PN) street gang in Muskegon, Michigan. Parker does not address this association in his motion for a downward variance. Rather, he ignores it, contends he is a street level drug dealer, and that the United States' decision to file a sentencing enhancement under 21 U.S.C. § 851 was unwarranted because of his street level status. (R.29: Def.'s Sent. Mem. and Mot. for Variance, PageID.114 – 115.)

Parker is a member of GMB PN. (R.28: PSR, PageID.99.) GMB PN is a street gang based in downtown Muskegon that is involved in narcotics dealing, firearms, and violent crime. GMB PN has been in a turf war with the Muskegon Heights-based gang, "Get Money Boys – South Bound" (GMB SB). A product of this feud was the 2013 drive by shooting death of Kentae Jones, a member of GMB SB. According to newspaper accounts, Jones was shot for posting a selfie on

Facebook taken on the GMB PN's turf.  Exhibit 1.[1]  Charges were brought against Isiah Spears, a fellow member of GMB PN.  (R.28: PSR, PageID.100.)  Spears ultimately pled no contest to second-degree murder and to committing a gang-related felony.  Exhibit 2.[2]  The judge presiding over the case characterized GMB PN as "just old-fashioned Mafia."  Exhibit 3.[3]

       The United States does not include the above information to suggest that Parker was responsible for the Jones murder.  Rather, it includes this information to rebut Parker's suggestion to U.S. Probation that GMB PN is not a gang.  While acknowledging the feud between the Muskegon Heights-based gang GMB SB, Parker asserted to U.S. Probation that after being sentenced for his most recent drug conviction in 2014, Parker "tried to undue the misconception that GMB PN was a gang by posting on social media and protesting against the violent crimes committed by those associating themselves with his group."  (*Id.*, PageID.100.)  To the contrary, it appears that Parker glamorizes GMB PN, drug dealing, firearms, and gang life in at least some of his social media postings.  A rap music video prominently featuring Parker (among others) called "In da Field" was part of Muskegon County's murder case against Isiah Spears.  Exhibit 4.[4]  The video features a simulated gunpoint home invasion, individuals wielding guns, a collection of guns and what appear to be drugs on a tabletop, and drugs being cooked on a stove.  The video remains available on YouTube at https://www.youtube.com/watch?v=qfrPyn6cC2Q.  Parker is featured at the beginning of the video wielding a firearm in the simulated home invasion and raps

---

[1] Lynn Moore, *'I didn't kill nobody' convicted gang murderer says at sentencing*, MLive.com (Apr. 26, 2016) http://www.mlive.com/news/muskegon/index.ssf/2016/04/i_didnt_kill_nobody_convicted.html
[2] John S. Hausman, *Pleas mean 1st 'gang murder'* conviction ever in Muskegon-Muskegon Heights feud, MLive.com (Sept. 29, 2015)
http://www.mlive.com/news/muskegon/index.ssf/2015/09/1st_gang_murder_conviction_in.html
[3] John S. Hausman, *Calling Muskegon street gang 'just old-fashioned Mafia,' judge adds charge to murder case*, MLive.com (Mar. 19, 2015)
http://www.mlive.com/news/muskegon/index.ssf/2015/03/calling_muskegon_street_gang_j.html
[4] John S. Hausman*, Rap videos highlight 'gang felony' hearing in doorstep murder case in Muskegon*, MLive.com (Feb. 11, 2015) http://www.mlive.com/news/muskegon/index.ssf/2015/02/rap_videos_highlight_gang_felo.html

later in the video while appearing to cook drugs on a stove with a sign on his front that says "Keep Yo Mouth Closed." The video is titled on YouTube as "In Da Field – Loko x DaHulley x Chino." (*Id.*) Notably, one of Parker's nicknames is Hully and one of Spears's nicknames is Chino. (R.28: PSR, PageID.99 – 100.) Despite this, Parker contends that GMB PN stands for Good Marketing Brand Public Novels and that he has been "misconstrued" as a gang member. (*Id.*, PageID.101.) As the Court is aware, it sentenced one of Parker's associates, Larry Dwayne Diggs, earlier this year (*Id.*, PageID.99), for drug and firearms offenses and witness tampering. (*Id.*, PageID.99) (*See United States v. Diggs*, 1:15-cr-166 (RHB), R.94: Judgment, PageID.372.)

Parker correctly notes that factors a prosecutor must evaluate when considering whether to file an enhancement under 21 U.S.C. § 851 include whether the defendant was an organizer, leader, manager or supervisor of others within a criminal organization; whether the defendant was involved in the use or threat of violence in connection with the offense; the nature of the defendant's criminal history, including any prior history of violent conduct or recent prior convictions for serious offenses; whether the defendant has significant ties to large-scale drug trafficking organizations, gangs, or cartels; and whether the filing would create a gross sentencing disparity with equally or more culpable co-defendants. (R.29: Def.'s Sent. Mem. and Mot. for Variance, PageID.114.) Parker met many of these factors. He is a member of a gang (GMB PN) that has been a strain on the Muskegon community. He is a recidivist drug dealer that merits career offender status. Indeed, he was on parole for a 2014 felony drug conviction when he committed the instant offense. (R.28: PSR, PageID.94 – 95.) Finally, Parker's criminal background is not without violence. His first offense as a juvenile at age 13 was for assault and battery. (*Id.*, PageID.91.) At 16, he was convicted of carrying a concealed weapon, reckless use of a firearm, and assaulting, resisting, and obstructing police. (*Id.*, PageID.92.) Finally, Parker was arrested on

4

misdemeanor domestic violence charges in 2012 and 2013, although they were later dismissed. (*Id.*, PageID.96.)  Parker cannot contend that he has no violence in his background.  Moreover, he has a significant criminal history – eight criminal history points under the guidelines prior to career offender status.  (*Id.*, PageID.95.)  The United States was warranted in filing an enhancement under 21 U.S.C. § 851.

### III.   CONCLUSION

For the foregoing reasons, the United States opposes Parker's motion for a downward variance.

Respectfully submitted,

PATRICK A. MILES, JR.
United States Attorney

Dated: October 3, 2016

/s/ Joel S. Fauson
JOEL S. FAUSON
Assistant United States Attorney
330 Ionia Avenue, NW
P.O. Box 208
Grand Rapids, MI 49501
(616) 456-2404